1  McGREGOR W. SCOTT
   United States Attorney
2  ROSS PEARSON
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,                CASE NO.  2:18-CR-00142-JAM

12                        Plaintiff,         STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                             FINDINGS AND ORDER

14 DEAN ORLANDO YOUNG,                       DATE: October 27, 2020
                                            TIME: 9:30 a.m.
15                        Defendant.         COURT: Hon. John A. Mendez

16

17         This case is set for status conference on October 27, 2020.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24         Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27 ───────────────
28     [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME        1
   PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on October 27, 2020.

2.      By this stipulation, the parties now move to continue the status conference until

December 1, 2020, and to exclude time between October 27, 2020, and December 1, 2020, under 18

U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case

includes 219 pages of reports and memoranda, 445 photos, and a litany of audio and video

recordings.  In addition, since the last status conference in this case the government has produced

an additional forensic report and phone extraction of the defendant's phone.  All of this

discovery has been either produced directly to counsel and/or made available for inspection and

copying.

b)      Counsel for defendant desires additional time to review the new discovery

materials, as well as the items already produced, discuss them with their clients, conduct research

into any potential suppression issues or motions to dismiss, conduct additional investigation, and

prepare for trial.  The parties have also engaged in plea discussions and are optimistic that they

will be able to resolve this case without a trial.  Since the last hearing, the parties have

investigated logistical issues regarding a plea agreement involving multiple districts and the

government has discussed a potential plea offer with victims, as required under the Crime

Victims Rights Act.  In addition, counsel for Young has been unavailable during some of this

time due to a personal matter.  Therefore, counsel need additional time to finalize a plea

agreement and research and resolve issues related to a multi-district resolution.

c)      Counsel for defendant believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

       d)     The government does not object to the continuance.

       e)     In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is apt in this case because counsel for both the government and the defendant have been instructed to work remotely, and counsel for the defendant has been instructed by his supervisor not to make in-person visits to the Sacramento County Jail, which has made it more difficult to review discovery with Mr. Young.

       f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 27, 2020 to December 1, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated:  October 22, 2020                   McGREGOR W. SCOTT
                                      United States Attorney

                                     /s/ ROSS PEARSON
                                     ROSS PEARSON
                                     Assistant United States Attorney

Dated:  October 22, 2020

/s/ *Jerome Price*
JEROME PRICE
Counsel for Defendant
DEAN ORLANDO YOUNG
(Authorized by email on October
22, 2020)

# FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 23rd day of October, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE